UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:10-CV-759 |
| | § | |
| CHUNG'S PRODUCTS LP, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ON EXPEDITED MOTION FOR A LIMITED MODIFICATION OF THE INJUNCTION OR, ALTERNATIVELY, FOR A PARTIAL STAY OF INJUNCTION PENDING APPEAL**

On April 4, 2013 a Decree of Permanent Injunction (Doc. 52) was entered in the above styled and numbered cause of action, along with an Opinion and Order (Doc. 51) and a Final Summary Judgment (Doc. 53). On April 8, 2013 the defendants Chung's Products, LP, Charlie A. Kujawa, and Gregory S. Birdsell (hereinafter "Chung's") filed an emergency motion for a limited modification of the injunction and, alternatively, for a partial stay of injunction pending appeal. (Doc. 54). A hearing was held on the motion on April 9, 2013.

Defendants are asking that the Court modify the language of paragraph six (found on page two of the injunction) to limit the injunction to "fish or fishery products."

The first paragraph of paragraph six reads

> 6. Defendants and each and all of their agents, representatives, employees, attorneys, successors, assigns, and any and all persons in active concert or participation with any of them (including individuals, directors, corporations, subsidiaries, affiliates, and partnerships) who receive actual notice of this Order, are hereby permanently restrained and enjoined, under the provisions of 21 U.S.C. Sec. 332(a) and the inherent equitable authority of this Court, from receiving, processing, preparing, packing, holding, and distributing, at or from Chung's processing facility located at 3907 Dennis Street, Houston, Texas 77004-2520 (the "Chung's facility") and at or from any other or future locations at which Defendants may receive, process, prepare, pack, hold, and

>    distribute food, including, but not limited to, any fish or fishery
>    products held in MAP, unless and until: . . . .

The further language of the paragraph gives Chung's the opportunity to lift the injunction upon the satisfaction of the United States Food and Drug Administration (hereinafter "FDA") of a detailed list of items (found on pages three through seven of the injunction).

It cannot be disputed that the main thrust of the case against Chung's is the preparation and packaging of "fish and fishery products," although, certainly, as the FDA maintains, other issues of sanitation were raised by the case.  Chung's maintains that if it is enjoined from "receiving, processing, preparing, packing, holding, and distributing "food" from its facility in Houston and its facility in Garland, Texas, the company will almost immediately go out of business because of the highly competitive placement practices of grocery retailers.  Although it will be crippled by its inability to receive, process, prepare, package, hold, and distribute fish and fishery products, it can still operate the business; it maintains that it has every intention of following the Court's injunction as to those products.

Chung's argues that, it has made many improvements to its facility in Houston, and is prepared to begin tomorrow to satisfy the requirements of paragraph six of the injunction, but the satisfaction of the requirements will take one or two months, while continuing to operate the business with non-fish and fishery products.

The FDA insists that sanitation is the primary issue, not whether the fish and fishery products are acceptably received, processed, prepared, packaged, held or distributed.  The injunction should apply to all food products, as written.  It argues that Chung's has been historically non-cooperative with the FDA, and does not believe that the firm will shut down if the injunction is followed as written.

Charles Kujawa, president of Chung's testified at the hearing that the United States Department of Agriculture (hereinafter "USDA"), which regulates non-fish and fishery products, has been at the two facilities upon hundreds of occasions and has found no violations. He also testified that the FDA had not inspected the Houston facility since the law suit was filed, but that Chung's Hazard Analysis Critical Control Point (hereinafter "HACCP") plan for frozen shrimp eggrolls had been revised in late 2010, after the lawsuit was filed and in early fall 2012; the facility had been audited by their expert after the implementation of each revised plan. Chung's had not submitted the two new plans to the FDA, but is willing to do so. Mr. Kujawa's testimony was that he could not satisfy paragraph six's requirements immediately because he needed two additional, well respected, experts who were ready to begin work tomorrow, to audit the facility and to work with the company to satisfy the details of paragraph six of the injunction order.

Samuel W. Cruse, one of Chung's attorneys, testified that the Texas Department of State Health Services (DSHS) inspected the Houston facility in October 2012 and had six questions concerning Chung's HACCP plan for frozen shrimp eggrolls and its documentation. DSHS closed its questions by commenting, "Despite the above comments, it is clear that a lot of work has gone into the plan, and we are confident that Chung's is moving in the right direction in this matter. Thank you for your cooperation and attention to detail." (Hearing Exhibits 1 and 2).

The Court understands that Chung's has not had a great track record in cooperating with the FDA in connection with its preparation and marketing of fish and fishery products. It has fallen short in documentation and in sanitation. The Court also understands that for food products outside the fish and fishery products designation there have been sanitation problems in the past. The consequences of these failures Chung's has brought upon itself. Nevertheless, the

testimony at the hearing would indicate that sanitation problems for non-fish and fishery products are under control, at least to the satisfaction of the USDA. The testimony was convincing that Chung's intends to satisfy the requirements of paragraph six of the injunction, but cannot do so immediately. It would be irreparably harmed if it is not allowed to keep its business open by dealing in food products other than fish or fishery products until it can satisfy the requirements of paragraph six. Accordingly, it is hereby

ORDERED that Chung's Products, LP, Charlie A. Kujawa, and Gregory S. Birdsell's Emergency Motion for a Limited Modification of the Injunction is GRANTED. It is further

ORDERED that the first full paragraph of Paragraph Six of the Decree of Permanent Injunction, now found on page two of Clerk's Document 52, dated April 3, 2013 is modified to read as follows:

> 6. Defendants and each and all of their agents, representatives, employees, attorneys, successors, assigns, and any and all persons in active concert or participation with any of them (including individuals, directors, corporations, subsidiaries, affiliates, and partnerships) who receive actual notice of this Order, are hereby permanently restrained and enjoined, under the provisions of 21 U.S.C. Sec. 332(a) and the inherent equitable authority of this Court, from receiving, processing, preparing, packing, holding, and distributing, at or from Chung's processing facility located at 3907 Dennis Street, Houston, Texas 77004-2520 (the "Chung's facility") and at or from any other or future locations at which Defendants may receive, process, prepare, pack, hold, and distribute any fish or fishery products, unless and until:

A modified permanent injunction incorporating this modified language will be immediately forthcoming.

SIGNED at Houston, Texas, this 9th day of April, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE